### REAMY v. DISTRICT OF COLUMBIA.

(Court of Appeals of District of Columbia. Submitted January 4, 1921. Decided April 4, 1921.)

#### No. 3411.

Municipal corporations ⊜⟹707—Driver of taxicab, standing on private property of terminal company, does not violate statute against improper use of street.

The driver of a taxicab, which, according to the agreed statement of facts, was standing at a place opposite an entrance to the Union Station, on the private property of the terminal company, where it had a right to be under a contract between the company and the owner of the taxicab, was not guilty of violating Act July 11, 1919, § 12, directed against the improper use of public streets and avenues.

Writ of Error from the Police Court of the District of Columbia.

Otis N. Reamy was convicted of willfully loitering around a public building, by stopping his vehicle opposite the entrance thereof, and he brings error. Reversed and remanded, with instructions to enter a judgment of not guilty on the agreed statement of facts.

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

G. Thomas Dunlop, Edmund Brady, G. E. Hamilton, and J. J. Hamilton, all of Washington, D. C., for plaintiff in error.

F. H. Stephens, and Ringgold Hart, both of Washington, D. C., for the District of Columbia.

HITZ, Acting Associate Justice. This case comes to this court upon a writ of error, duly allowed, from the police court of the District of Columbia. The plaintiff in error, by an information in two counts, was charged with a violation of section 12 of the act of Congress approved July 11, 1919 (41 Stat. 104), in that being the driver of a certain public vehicle, to wit, an automobile, he did willfully loiter around a certain public building; the Union Station, by stopping said vehicle opposite the west entrance thereof; said stopping not being for the purpose of taking on or discharging a passenger. The case was heard upon an agreed statement of facts, and the trial court entered a judgment of guilty and imposed a sentence.

The stipulation shows that the defendant is a chauffeur, employed and paid by the Terminal Taxicab Company, and on the date charged in the information the taxicab of which he was driver was standing upon the space opposite the west entrance and under the west covered porch of the Union Station, upon property belonging in fee simple to the Washington Terminal Company, owner of the said Union Station. By a contract between the Washington Terminal Company and the Terminal Taxicab Company, running for 10 years from May 15, 1918, this space was granted to the Taxicab Company for its exclusive use for the purpose of operating and maintaining a cab service for hire at the station.

A consideration, not set forth in the stipulation, is received by the Terminal Company under this contract, which is stated to be made for the better convenience of passengers and others lawfully using the station, and to protect them from the annoyance and solicitation of irresponsible hackmen. The space was policed by special officers of the police force of the District, employed at the instance of and whose compensation was paid by the Terminal Company, and the land constituting the space was assessed for taxation in the name of said company.

While standing in this space, the plaintiff in error was subject to the orders of the company, and had no definite or ascertained prospective passenger in view. The taxicab thus located was one of those owned by the Terminal Taxicab Company, and was licensed and taxed under the provisions of paragraph 13 of section 7 of the act of Congress approved July 1, 1902, known as the "License Tax Act" (32 Stat. 624), and the tax prescribed by this section was paid by the Taxicab Company.

As the space upon which this cab was standing at the time of the arrest of its driver is stipulated to have been the private property of the Washington Terminal Company, by whose authority and permission he was there, it follows that he was not then upon any public street or avenue, and consequently that his presence there did not

fall within the purview of an act directed against the improper use of public streets and avenues.

Consequently the judgment below must be reversed, and the case remanded to the police court, with instructions to enter a judgment of not guilty on the agreed statement of facts.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.